UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE REYES, | ) Case No. EDCV 14-01463-JEM |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION AND |
| | ) ORDER AFFIRMING DECISION OF |
| CAROLYN W. COLVIN, | ) THE COMMISSIONER OF SOCIAL |
| Acting Commissioner of Social Security, | ) SECURITY |
| | ) |
| Defendant. | ) |

## PROCEEDINGS

On July 28, 2014, Annette Reyes ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on October 28, 2014. On March 16, 2015, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 48-year-old female who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on January 26, 2011, alleging disability beginning July 30, 2010.  (AR 11.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since July 30, 2010, the alleged onset date.  (AR 13.)

Plaintiff's claims were denied initially on June 14, 2011 and on reconsideration on January 5, 2012.  (AR 11.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Mark B. Greenberg on November 6, 2012 in Moreno Valley, California.  (AR 11.)  Claimant appeared and testified at the hearing and was represented by counsel.  (AR 11.)  Vocational Expert ("VA") Sandra M. Fioretti also appeared and testified at the hearing.  (AR 11.)

The ALJ issued an unfavorable decision on December 21, 2012.  (AR 11-22.)  The Appeals Council denied review on May 22, 2014.  (AR 1-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.  Whether the ALJ properly considered whether the Plaintiff meets or equals Listing 1.03.

2.  Whether the ALJ properly considered the lay witness testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting

1  Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such

2  relevant evidence as a reasonable mind might accept as adequate to support a

3  conclusion."  Richardson, 402 U.S. at 401 (internal quotation marks and citation

4  omitted).

5      This Court must review the record as a whole and consider adverse as well as

6  supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

7  Where evidence is susceptible to more than one rational interpretation, the ALJ's

8  decision must be upheld.  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599

9  (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole

10  and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"

11  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.

12  1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

13                    **THE SEQUENTIAL EVALUATION**

14      The Social Security Act defines disability as the "inability to engage in any

15  substantial gainful activity by reason of any medically determinable physical or mental

16  impairment which can be expected to result in death or . . . can be expected to last for a

17  continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A),

18  1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to

19  determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

20      The first step is to determine whether the claimant is presently engaging in

21  substantial gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the

22  claimant is engaging in substantial gainful activity, disability benefits will be denied.

23  Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether

24  the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at

25  746.  An impairment is not severe if it does not significantly limit the claimant's ability to

26  work.  Smolen, 80 F.3d at 1290.  Third, the ALJ must determine whether the impairment

27  is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I

28  of the regulations.  Parra, 481 F.3d at 746.  If the impairment meets or equals one of the

listed impairments, the claimant is presumptively disabled.  Bowen, 482 U.S. at 141.

Fourth, the ALJ must determine whether the impairment prevents the claimant from

doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's

residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most

[one] can still do despite [his or her] limitations" and represents an assessment "based

on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC

must consider all of the claimant's impairments, including those that are not severe.  20

C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past

relevant work, the ALJ proceeds to the fifth step and must determine whether the

impairment prevents the claimant from performing any other substantial gainful activity.

Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of

proving steps one through four, consistent with the general rule that at all times the

burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d

at 746.  Once this prima facie case is established by the claimant, the burden shifts to

the Commissioner to show that the claimant may perform other gainful activity.

Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a

claimant is not disabled at step five, the Commissioner must provide evidence

demonstrating that other work exists in significant numbers in the national economy that

the claimant can do, given his or her RFC, age, education, and work experience.  20

C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is

disabled and entitled to benefits.  Id.

### THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff

has not engaged in substantial gainful activity since July 30, 2010, the alleged onset

date.  (AR 13.)

1   At step two, the ALJ determined that Plaintiff has the following medically

2   determinable severe impairments: obesity, arthritis, degenerative disc disease, rotator

3   cuff syndrome, epicondylitis, history of left knee injury, chondromalacia, chronic pain and

4   depression.  (AR 13-14.)

5   At step three, the ALJ determined that Plaintiff does not have an impairment or

6   combination of impairments that meets or medically equals the severity of one of the

7   listed impairments.  (AR 14-16.)

8   The ALJ then found that Plaintiff has the RFC to perform light work as defined in

9   20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations:

10        Claimant is limited to performing postural maneuvers occasionally and

11        cannot climb ladders, ropes or scaffolds or walk on uneven terrain.

12        She is capable of reaching overhead occasionally and frequently with

13        all other reaching bilaterally.  Further, she is able to perform fine and

14        gross manipulation frequently.  She cannot be exposed to hazards.

15        Lastly, she is limited to unskilled work in a non-public setting.

16   (AR 16-20.)  In determining the above RFC, the ALJ made an adverse credibility

17   determination which Plaintiff does not challenge here.  (AR 18.)

18   At step four, the ALJ found that Plaintiff is unable to perform her past relevant

19   work as a cashier, merchandise deliverer, store laborer and sales attendant.  (AR 20.)

20   The ALJ, however, also found that, considering Claimant's age, education, work

21   experience, and RFC, there are jobs that exist in significant numbers in the national

22   economy that Claimant can perform, including the jobs of bench assembler,

23   inspector/hand packager and small products assembler II.  (AR 20-21.)

24   Consequently, the ALJ found that Claimant was not disabled, within the meaning

25   of the Social Security Act.  (AR 21-22.)

26

27

28

**DISCUSSION**

1

2    The ALJ decision must be affirmed.  The ALJ's third step determination that

3    Plaintiff does not meet or equal a listed impairment is supported by substantial evidence.

4    The ALJ properly considered the lay witness testimony.

5    The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability

6    determination is supported by substantial evidence and free of legal error.

7    **I.    THE ALJ PROPERLY CONCLUDED THAT PLAINTIFF'S
        IMPAIRMENTS DO NOT MEET OR EQUAL A LISTING**

8    At step three of the sequential process, the ALJ found that "Claimant's

9    impairments, considered singly and in combination, do not meet or medically equal the

10   criteria of Listings 1.02, 1.04 or any other listing."  (AR 14.)  Plaintiff contends that this

11   finding is insufficient and that the medical evidence of record establishes that she meets

12   or equals the criteria for Listing 1.03.  The Court disagrees.

13   **A.    Relevant Federal Law**

14   Social Security regulations provide that a claimant is disabled if he or she meets

15   or medically equals a listed impairment.  Section 416.920(a)(4)(iii) ("If you have an

16   impairment that meets or equals one of listings . . . we will find that you are disabled");

17   Section 416.920(d) ("If you have an impairment(s) which . . . is listed in Appendix 1 or is

18   equal to a listed impairment(s), we will find you disabled without considering your age,

19   education, and work experience").  In other words, if a claimant meets or equals a listing,

20   he or she will be found disabled at this step "without further inquiry."  Tackett v. Apfel,

21   180 F.3d 1094, 1099 (9th Cir. 1999).  There is no need for the ALJ to complete steps

22   four and five of the sequential process.  Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir.

23   2001).

24   The listings in Appendix 1 describe specific impairments considered "severe

25   enough to prevent an individual from doing gainful activity, regardless of his or her age,

26   education, or work experience."  Section 404.1525.  An impairment that meets a listing

27   must satisfy all the medical criteria required for that listing.  Section 404.1525(c)(3).  An

28

impairment cannot meet a listing based only on a diagnosis.  Section 404.1525(d).

Medical equivalence will be found if the impairment "is at least equal in severity and

duration to the criteria of any listed impairment."  Section 404.1526(a).  Medical

equivalence is based on symptoms, signs and laboratory findings.  Section

404.1529(d)(3).

        The Ninth Circuit in Lewis, 236 F.3d at 512, held that an ALJ must evaluate the

relevant evidence before concluding that a claimant's impairments do not meet or equal

a listing.  The Court further declared, "A boilerplate finding is insufficient to support a

conclusion that a claimant's impairments do not do so."  Id.  Lewis cited as authority

Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990), a case relied on heavily by Plaintiff

here.  Lewis, however, distinguished Marcia by noting that Marcia "simply requires the

ALJ to discuss and evaluate the evidence that supports his or her conclusion; it does not

specify that the ALJ must do so under the heading 'Findings.'"  Lewis, 236 F.3d at 513.

Lewis found that the ALJ sufficiently discussed and evaluated the evidence before

concluding that the claimant did not meet a listing.  Lewis also held that the ALJ's failure

to discuss equivalence in that case was not reversible error because the claimant failed

to offer any theory, plausible or otherwise, how his impairments combined to equal a

listing impairment and because the claimant pointed to no evidence his combined

impairments equal a listing.  Id.

        **B.    Analysis**

        To begin, as in Lewis, the ALJ here sufficiently discussed and evaluated all

relevant evidence before concluding that Plaintiff did not meet or equal a listing.  The

fact that he did so in his RFC assessment (AR 16-20) rather than in his step three

finding (AR 14-16) is immaterial.  Lewis, 236 F.3d at 513 (Marcia "simply requires an

ALJ to discuss and evaluate evidence that supports his or her conclusions; it does not

specify that the ALJ must do so under the heading 'Findings'"); Kruchek v. Barnhart, 124

Fed. Appx. 825, 827 (9th Cir, 2005) (adequately analyzed evidence elsewhere in

decision); Harris v. Astrue, 2009 WL 801347*7 (N.D. Cal.) (discussion and evaluation of

7

evidence at step four supported ALJ's step three conclusion that impairments did not meet or equal Listing 1.04; "Lewis does not require that support for the ALJ's conclusion be placed in a specific section of the report").  Here, no physician opined that Plaintiff met or equaled a listing or was precluded from all work.  Dr. Brodsky, a State agency reviewing physician expressly found that "No 1.00 sublisting is met/equaled."  (AR 71.)

Nonetheless, Plaintiff asserts that she meets or in combination with her other impairments equals Listing 1.03.  That listing provides as follows:

> 1.03.  Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of offset.

In 1.00B2b, examples of the inability to ambulate effectively include "the inability to walk a block at a reasonable pace on uneven surfaces."  The ALJ's RFC provides that Plaintiff "cannot . . . walk on uneven terrain."  (AR 16.)  On that basis, Plaintiff alleges that she meets Listing 1.03 or in combination with her other impairments equals it.

### 1.    Plaintiff Does Not Meet A Listing

An impairment that meets a listing, however, must satisfy all the medical criteria required for that listing.  20 C.F.R. § 404.1525(c)(3).  That requires meeting the full criteria for the inability to ambulate effectively.

> *b.  What We Mean By Inability To Ambulate Effectively*
>
> (1) *Definition.*  Inability to ambulate effectively means an extreme limitation of the ability to walk; *i.e.*, an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities.  Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities (Listing 1.05C is an exception to

1    this general definition because the individual has the use of only one
2    upper extremity due to amputation of a hand.)

3        (2) *To ambulate effectively.*   Individuals must be capable of
4    sustaining a reasonable walking pace over a sufficient distance to be able
5    to carry out activities of daily living.  They must have the ability to travel
6    without companion assistance to and from a place of employment or
7    school.  Therefore, examples of ineffective ambulation include, but are
8    not limited to, the inability to walk without the use of a walker, two
9    crutches or two canes, the inability to walk a block at a reasonable pace
10   on rough or uneven surface, the inability to use standard public
11   transportation, the inability to carry out routine ambulatory activities, such
12   as shopping and banking, and the inability to climb a few steps at a
13   reasonable pace with the use of a single hand rail.  The ability to walk
14   independently about one's home without the use of assistive devices
15   does not, in and of itself, constitute effective ambulation.

16   (Emphasis added.)

17       Even assuming that Plaintiff's arthroscopic surgery of her left knee constitutes
18   "reconstructive surgery or surgical arthrodesis," the objective medical evidence
19   establishes that Plaintiff does not have "an extreme limitation of the ability to walk" or
20   "insufficient lower extremity functioning . . . to permit independent ambulation without the
21   use of a hand-held assistive device(s) that limits the functioning of both upper
22   extremities."  Following Plaintiff's October 2010 arthroscopic surgery, a November 2010
23   MRI of her left knee found no evidence of ligament or meniscal damage.  (AR 17, 335.)
24   Although Plaintiff reported using a cane for ambulation, there is no evidence in the
25   record that she used her cane regularly for ambulation after December 2010.  (AR 17.)

26       On May 24, 2011, Claimant underwent a consulting examination by Dr. Robert
27   MacArthur, an orthopedist.  (AR 18, 363-367.)  Dr. MacArthur found Claimant's knees
28   stable with normal range of motion, and the left knee well healed.  (AR 365-366.)  He

1   further found Claimant to be able to walk without difficulty.  (AR 366.)  He stated that use

2   of a cane was unnecessary.  (AR 19, 367.)  He assessed a medium work RFC with

3   walking and standing limited to six hours per day, and walking on uneven terrain limited

4   to frequent.  (AR 19, 367.)  State agency reviewing physicians provided similar medium

5   RFC assessments that did not require use of a cane.  (AR 19-20, 72-74, 96-99.)

6       After August 2011, Claimant rarely complained or sought treatment for knee pain.

7   (AR 17.)  In April 2012, Dr. Guerrero of Riverside Medical Center noted Plaintiff was

8   "ambulatory" and had "acceptable" physical functioning.  (AR 595.)  The ALJ concluded

9   that Plaintiff's knee pain was "well managed with pain medication and had in great part

10  resolved."  (AR 17.)  Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006)

11  (impairments that can be controlled effectively with medication are not disabling).

12  Plaintiff's physicians like Dr. Guerrero and Dr. Osano were urging Plaintiff to exercise

13  and to walk 30 minutes daily and take 10,000 steps a day.  (AR 757, 745, 688.)  The

14  ALJ, moreover, found that Plaintiff's subjective symptom allegations were inconsistent

15  with the objective medical evidence and not credible.  (AR 17-18.)  Plaintiff does not

16  challenge the ALJ's adverse credibility determination.

17      These findings establish that Plaintiff does not have an extreme limitation of the

18  ability to walk or insufficient lower extremity functioning to permit ambulation without an

19  assistive device.  The medical evidence is clear that Plaintiff can ambulate without a

20  cane.  Thus, the fact that the ALJ precluded Claimant from walking on uneven terrain is

21  insufficient by itself to meet the criteria for Listings 1.03 and 1.00B2b.  Plaintiff, who has

22  the burden of proof at step three, Parra, 481 F.3d at 746, failed to carry her burden of

23  establishing that she meets all of the criteria for Listings 1.03 and 1.00B2b (which

24  requires use of an assistive device to ambulate).

25                  2.      Plaintiff Does Not Equal A Listing

26      Plaintiff is not done.  She contends that the ALJ did not consider whether the

27  effects of Plaintiff's combined impairments, including her obesity, equaled Listing 1.03.

28  This contention too has no merit.

Obesity is not itself disabling and is no longer a listed impairment.  See Revised Medical Criteria For Determination Of A Disability, Endocrine System And Related Criteria, 64 Fed. Reg. 46122 (effective October 25, 1999) (de-listing 9.09 "obesity" from Appendix 1, Subpart P of Part 404).  Notwithstanding the de-listing of obesity, ALJs must consider its effects when evaluating disability, recognize that the combined effects of obesity with other impairments can be greater than the effects of each impairment considered separately and consider the effects of obesity not only under the listings but at each stage of the sequential process, including when assessing a claimant's RFC. SSR 02-1p.  In Burch v. Barnhart, 400 F.3d 676, 682-84 (9th Cir. 2005), however, the Ninth Circuit held that an ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence.  Id. at 683.

Here, the ALJ specifically found that Plaintiff has the severe impairment of obesity (AR 13) and evaluated this impairment under SSR 02-1p.  (AR 14, 18.)  The ALJ set forth facts about Plaintiff's obesity and found that Plaintiff's obesity was not only a severe impairment but also limits her functionality.  (AR 18.)  The ALJ considered the effects of Claimant's obesity in establishing her RFC limitations.  (AR 18.)

Plaintiff has presented no medical evidence and none exists in the record that would establish any additional limitations, exacerbated by obesity or otherwise, that the ALJ failed to consider.  Thus, under Burch the ALJ was not required to engage in further discussion of equivalence.  As in Lewis, the Claimant here failed to offer any theory, plausible or otherwise, how impairments combined to equal Listing 1.03.  Plaintiff, who has the burden of proof at step three, Parra, 481 F.3d at 746, failed to carry her burden of establishing that her impairments equal Listing 1.03.

* * *

None of the evidence accepted by the ALJ establishes any impairments, singly or in combination, that meet or equal Listing 1.03.  Plaintiff does not explain how a claimant with a residual functional capacity assessment that would permit work could be found

11

disabled at step three of the sequential process.  The ALJ's step three finding that Plaintiff's impairments do not meet or equal a listing is supported by substantial evidence.

## II.   THE ALJ PROPERLY CONSIDERED THE LAY WITNESS TESTIMONY

Unless there is evidence of malingering, an ALJ can reject a claimant's testimony about the severity of his or her symptoms only by offering "clear and convincing reasons" for doing so.  Smolen, 80 F.3d at 1283-84.  The ALJ discounted Plaintiff's subjective symptom allegations as unsupported by the objective medical evidence and because her knee pain was well managed with pain medication and had resolved.  (AR 16-18.) Burch, 400 F.3d at 680-81 (ALJ permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms as long as it is not the only reason for doing so); Warre, 439 F.3d at 1006 (impairments that can be controlled effectively with medication are not disabling).  Indeed, after June 20, 2012 there is no medical evidence she sought treatment for knee, shoulder, arm, elbow, or wrist and hand pain.  (AR 18); Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012) (failure to seek treatment is an appropriate basis for discounting credibility).  The ALJ also made findings of activities of daily living that are inconsistent with disability.  (AR 17, 18); Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (daily activities inconsistent with disability a legitimate consideration in evaluating credibility).  These findings constitute clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom allegations.  Plaintiff does not challenge the ALJ's adverse credibility determination.

Plaintiff, however, does contend that the ALJ failed to properly consider the lay witness testimony of her son.  The Court disagrees.

### A.   Relevant Federal Law

Lay witness testimony regarding a claimant's symptoms is "competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."  Lewis, 236

1   F.3d at 511; Smolen, 80 F.3d at 1288-89 (to reject lay witness testimony, ALJ must

2   make findings "germane to each witness, and supported by substantial evidence").  Lay

3   witness testimony cannot be disregarded without comment.  Stout v. Comm'r, 454 F.3d

4   1050, 1053 (9th Cir. 2006).  In rejecting lay witness testimony, however, the ALJ need

5   not cite the specific record as long as "arguably germane reasons" for dismissing the

6   testimony are noted, even though the ALJ does not "clearly link his determination to

7   those reasons" and substantial evidence supports the ALJ's decision.  Lewis, 236 F.3d

8   at 512.  The ALJ also may "draw inferences logically flowing from the evidence."

9   Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).  An ALJ is not required to

10  address lay witness statements that report the same symptoms alleged by the claimant

11  and rejected by the ALJ.  Valentine v. Commissioner Soc. Sec. Adm., 574 F.3d 685, 694

12  (9th Cir. 2009) ("[i]n light of our conclusion that the ALJ provided clear and convincing

13  reasons for rejecting [the claimant's] own subjective complaints, and because the [lay

14  witness'] testimony was similar to such complaints, it follows that the ALJ also gave

15  germane reasons for rejecting [the lay witness'] testimony").

16      **B.    Analysis**

17      Plaintiff's son Alfred Bernabe submitted a September 6, 2011 statement

18  supporting his mother's claim of disabling limitations due to pain and need for a cane to

19  walk.  (AR 234-241.)  Plaintiff's contention that the ALJ failed to consider her son's

20  testimony is meritless.  The ALJ expressly noted that he considered the statements of

21  Claimant's son.  (AR 20.)  The ALJ found that the son's testimony is not supported by

22  the objective medical evidence and not credible to the extent inconsistent with the ALJ's

23  RFC.  (AR 20.)  The ALJ thoroughly discussed the medical evidence elsewhere in his

24  decision, some of which postdates the son's September 6, 2011 statement.

25  Inconsistency with the objective medical evidence is a germane reason for discounting

26  the son's statement.  See Bayliss, 427 F.3d at 1218 ("An ALJ need only give germane

27  reasons for discrediting the testimony of lay witnesses"; "[i]nconsistency with medical

28  evidence is one such reason"); Lewis, 236 F.3d at 511 ("One reason for which an ALJ

13

1    may discount lay testimony is that it conflicts with medical evidence"); see also Vincent

2    v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (same).

3         Relying on Taylor v. Comm., 659 F.3d 1228, 1234 (9th Cir. 2011), however,

4    Plaintiff contends that the ALJ cannot discount lay testimony as "unsupported" by the

5    medical evidence of record.  Plaintiff's reliance on Taylor is misplaced.  Bayliss, Lewis

6    and Vincent clearly hold that "inconsistency" with the medical evidence is a germane

7    reason for discounting lay witness testimony.  The Court does not believe the Ninth

8    Circuit would overrule these precedents without discussion.  Bayliss, Lewis and Vincent,

9    moreover, held that "inconsistency" is a germane reason for discounting lay testimony

10   whereas Taylor holds that an ALJ cannot discount lay testimony because "unsupported"

11   by medical evidence.  As other courts have observed, moreover, Taylor is based on prior

12   law no longer applicable.  Bond v. Astrue, 2010 WL 4272870 (C.D. Cal.); Brown v.

13   Colvin, 2014 WL 6388540 (D. Or.); Glover v. Astrue, 835 F. Supp. 2d 1003, 1012-14 (D.

14   Or. 2011).  As these cases explain, Taylor is based on Smolen which relied on SSR 88-

15   13 for the "unsupported by medical evidence" language.  Bond, 2010 WL 4272870, at *2.

16   SSR 88-13 has been superseded by 20 C.F.R. § 404.1529(c)(3) which provides that lay

17   witness subjective symptom testimony can be considered when consistent with the

18   objective medical evidence.  Accordingly, the Ninth Circuit has held that inconsistency

19   with the medical evidence is a legitimate consideration in evaluating a claimant's

20   credibility so long as it is not the only factor in discounting credibility.  Burch, 400 F.3d at

21   680-81.  It would be an anomalous result if inconsistency with medical evidence can be

22   a factor to be considered when evaluating a claimant's credibility but not that of a third

23   party lay witness.

24        As the Commissioner observes, the Ninth Circuit has held that, although lay

25   witness testimony must be considered, the failure to discuss it is harmless error where

26   the ALJ rejected the same subjective symptom testimony by the claimant.  Molina, 674

27   F.3d at 1114; Valentine, 574 F.3d at 694.  Here, the ALJ considered the statements of

28   Claimant's son and found them not credible in light of the objective medical evidence.

14

1  (AR 20.)  Even if this finding was insufficient, the ALJ's unchallenged finding that

2  Claimant's subjective symptoms were not credible extends to her son's similar

3  statements as well.  Id.  Her son's statements relate to Claimant's pain in her knee and

4  her need to use a cane when walking.  (AR 234-241.)  The ALJ rejected these very

5  contentions in discounting Plaintiff's subjective symptom allegations.  Plaintiff cannot

6  expect to establish disability through lay witness subjective symptom testimony under

7  circumstances where the ALJ has discounted Claimant's subjective symptom allegations

8  for clear and convincing reasons and Plaintiff has not challenged the ALJ's adverse

9  credibility determination.

10       The ALJ rejected the statements of Claimant's son for germane reasons

11  supported by substantial evidence.  There was no error.

12                                      * * *

13       The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability

14  determination is supported by substantial evidence and free of legal error.

15                              **ORDER**

16       IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the

17  Commissioner of Social Security and dismissing this case with prejudice.

18

19  DATED: March 25, 2015              _____*/s/ John E. McDermott*_____
                                            JOHN E. MCDERMOTT
20                                     UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

                                      15